NO. 12-00-00324-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


PHILLIP ANDRE HARRISON,
§
 APPEAL FROM THE 

APPELLANT


V.
§
 COUNTY COURT AT LAW #1


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS

 

PER CURIAM


 Appellant Phillip Harrison ("Appellant") was charged by information with the offense of
driving while intoxicated. He retained counsel and ultimately agreed to enter a plea of nolo
contendere in exchange for the State's agreement to recommend a sentence of seventy-five days in
jail. 

 In response to the trial court's questions at the hearing on the plea, Appellant informed the
court that he understood the charge against him, the consequences of his plea, and the full range of
punishment for the offense. He also stated that he understood his right to confront and examine
witnesses and that his plea was freely and voluntarily entered. After the State proved its case, the
trial court found Appellant guilty and, following the State's recommendation, assessed punishment
at seventy-five days in jail. Appellant filed a pro se notice of appeal, and the trial court appointed
counsel to represent Appellant in this proceeding.

 Appellant's appointed counsel filed a brief in which he concluded that the appeal is wholly
frivolous and without merit. The brief meets the minimum requirements of Anders v. California,
386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and presents a detailed chronology of the
procedural history of the case as well as a professional evaluation of the record and an explanation
of counsel's conclusion that there are no arguable grounds of error on appeal. Gainous v. State, 436
S.W.2d 137 (Tex. Crim. App. 1969). Counsel also states that he has delivered a copy of the brief
to Appellant, along with a copy of both the clerk's record and the reporter's record, and advised him
of his right to file a pro se response. (1) Appellant did not file a response, and the filing deadline has
now expired.

 Although Appellant's counsel raises no arguable issues for appeal, we are required to
independently review the record and make our own determination of the merits of this appeal. 
Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). In our review of the record, we note
that the written admonishment form signed by Appellant contained the following paragraph:



 PERMISSION TO APPEAL: If the punishment assessed does not exceed the punishment
recommended by the prosecutor and agreed to by your [sic] and your attorney, the Court
must give it's [sic] permission to you before you can prosecute an appeal on any matter in
the case except for matters raised by written motion filed prior to trial.




We further note that in Appellant's notice of appeal, he stated that the sole issue to be raised on
appeal was the sufficiency of the evidence.

 If an appeal is from a plea of guilty or nolo contendere and the punishment assessed did not
exceed the punishment recommended by the prosecutor and agreed to by the defendant, a notice of
appeal must specify that (1) the appeal is for a jurisdictional defect, (2) the substance of the appeal
was raised by a written motion and ruled on before trial, or (3) the trial court granted permission to
appeal. Tex. R. App. P. 25.2(b)(3). Because Appellant's appeal is from a plea of nolo contendere
and the trial court followed the agreed recommendation for punishment, rule 25.2(b)(3) limits our
jurisdiction over his appeal. 

 In his notice of appeal, Appellant asserts no jurisdictional defects, issues raised by written
motion and ruled on before trial, or permission of the trial court to appeal. Therefore, his notice of
appeal is insufficient to invoke the jurisdiction of this court. Accordingly, we dismiss Appellant's
appeal for want of jurisdiction.

 In compliance with Anders, Appellant's counsel has asked permission to withdraw as counsel
for Appellant. Anders, 386 U.S. at 744, 87 S. Ct. at 1400. We grant counsel's motion to withdraw
and order him to notify Appellant of the disposition of this appeal and of the availability of
discretionary review. Ex parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).




Opinion delivered January 30, 2002.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.
































(DO NOT PUBLISH)
1. This court also notified Appellant of his right to file a pro se response and of the filing deadline.